*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-383

NOVEMBER TERM, 2016

| | | |
|---|---|---|
| Douglas S. Cavett | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito, et al. | } | DOCKET NO. 1092-10-13 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate in the custody of the Department of Corrections (DOC), filed this petition under Vermont Rule of Civil Procedure 75 seeking review of a disciplinary report conviction issued by DOC. Following a trial, the superior court upheld the conviction. On appeal, plaintiff argues that there was insufficient evidence to support the violation. We affirm.

Plaintiff was issued a disciplinary violation for assaulting a DOC officer based on an allegation that he threw a ball of crumpled paper that hit DOC Officer Seavey. At a disciplinary hearing, the hearing officer watched a video of the incident and took testimony from DOC Officer Dunn, who had witnessed the incident. The hearing officer concluded that plaintiff was guilty of a "Major A" infraction for assault of a DOC employee.

Plaintiff filed for review in superior court. The court held a merits hearing and heard testimony from DOC Officers Dunn, Seavey, and Hebert,[1] the DOC hearing officer, and plaintiff. In addition, a video of the incident that had been shown at the disciplinary hearing was admitted and shown to the court. Officer Dunn testified that he observed plaintiff throw the crumpled paper at Officer Seavey and that it hit her. Officer Seavey testified that she did not think plaintiff intended to hit her, but that the paper was thrown in her direction and hit her in the face. Plaintiff initially claimed the incident never happened. He then admitted that he threw the paper but stated that he did not throw the paper at Officer Seavey and that he was attempting to throw the paper into a box of recycling. Officer Seavey testified there was no such box in that area.

The court issued written findings. The court found that the video depicts plaintiff balling up a sheet of paper and throwing it directly at Officer Seavey, who is sitting a few feet across from plaintiff behind a desk. The court also found that in the video Officer Seavey ducks in an attempt to avoid the wad of paper and that the angle and the quality of the video make it impossible to determine whether the paper makes contact with Officer Seavey. The court did not find plaintiff's

---

[1] The audio recording of the disciplinary review hearing was lost. The trial court found that it was not intentionally destroyed. Officer Hebert testified concerning the process for preserving audio recordings from disciplinary violation hearings.

version of the events credible. The court noted that plaintiff appeared angry in the video, that no recycling box was apparent in the video, and that plaintiff appeared to throw the paper at Officer Seavey. The court found based on the testimony of DOC Officers Dunn and Seavey that the paper hit Officer Seavey. The court concluded that plaintiff's action satisfied the DOC definition of assault on a corrections employee and upheld the disciplinary violation. Plaintiff appeals.

"On judicial review of the sufficiency of evidence at a prison disciplinary hearing, the hearing officer's final determination must be upheld if it is supported by some evidence in the record." Herring v. Gorczyk, 173 Vt. 240, 243 (2001) (quotation omitted). To determine if there is "some evidence," the court must look at whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (quotation omitted). Rule 75 proceedings are in the nature of certiorari and therefore the superior court is limited to reviewing whether the findings below met the standard. Id. at 248 ("Because V.R.C.P. 75 proceedings are in the nature of certiorari the parties cannot expand the findings on review.").

On appeal, plaintiff's main argument is that the paper did not make contact with the DOC officer and the video of the event provides definitive evidence this fact. We emphasize that the critical question is whether there was some evidence in the record to support the disciplinary hearing officer's decision. Insofar as the superior court's review was in the nature of certiorari, the trial court and this Court must give deference to the hearing officer's determination of the facts. Id. at 243 (explaining that hearing officer's determination will be upheld if supported by some evidence). We recognize that in this case the record from the DOC was limited. Due to a technical problem, the recording of the disciplinary hearing was not available. Although Rule 75 review in the superior court is generally on the record from the administrative agency, the court also has discretion to gather additional evidence. Garbitelli v. Town of Brookfield, 2011 VT 122, ¶ 8, 191 Vt. 76. In particular, "evidence may be admitted to establish facts necessary for the trial court's review" when "a transcript from the administrative proceeding is unavailable or incomplete." Id. Here, given that the court lacked a recording or transcript from the administrative proceeding, it was appropriate for the court to hear testimony concerning what evidence had been submitted below. Based on a review of the video and upon hearing testimony from Officer Dunn, the court found that there were sufficient facts to show that the DOC officer was hit by the paper. This Court has viewed the video evidence that was submitted at the disciplinary hearing.[2] When evidence submitted at trial includes a video this Court will view the video, but this Court continues to review findings of fact under a clearly erroneous standard. See In re M.K., 2015 VT 8, ¶ 15 n.*, 198 Vt. 233. There is nothing in the video that demonstrates that the hearing officer committed clear error in finding that the paper hit DOC Officer Seavey.

Plaintiff also raises issues concerning what he sees as inconsistencies in witness testimony and claims that testimony was fabricated as part of a conspiracy against him. Essentially, plaintiff seeks to have this Court reevaluate the evidence. That is not the role of this Court on appeal. See State v. Woolbert, 2007 VT 26, ¶ 9, 181 Vt. 619 (mem.) (explaining that this Court's duty on appeal is to ensure court's findings are supported by evidence not to decide whom to believe). The trial court heard testimony from the individuals involved in the incident and found that there was no evidence to support plaintiff's claims that the disciplinary violation was the result of a

---

[2] On appeal, plaintiff has submitted photographs of still frames from the video in support of his argument. Consistent with this Court's prior rulings, those additional items, which were not admitted in the disciplinary hearing, have not been reviewed on appeal because the record on appeal is limited to "the original documents, data, and exhibits" filed in the trial court. V.R.A.P. 10(a)(1); see Deutsche Bank v. Pinette, 2016 VT 71, ¶ 15.

2

conspiracy against him or was being used to retaliate against him, and we conclude that those findings are not clearly erroneous. In addition, we emphasize that the trial court's review of the disciplinary violation itself is very deferential, requiring only "some evidence" to support the violation, which we have explained "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." LaFaso v. Patrissi, 161 Vt. 46, 50 (1993) (quotation omitted). Here, that standard was satisfied.

Plaintiff also asserts that the court erred both in denying his motion to continue the hearing and in allowing Officer Seavey to present testimony over the telephone. Plaintiff claims that there had been a prior stipulation to have Officer Seavey appear in person and that the court erred in not requiring this. Citing the long time the case had been pending and the difficulty in rescheduling it, the court denied the motion to continue. The trial court has discretion in ruling on a motion to continue and this Court will reverse only where "the discretion is exercised upon grounds clearly untenable, or to an extent clearly unreasonable." In re Woodstock Cmty. Trust & Hous. Vermont PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (quotation omitted). Here, the court did not abuse its discretion in denying the motion to continue given the length of time the matter had been pending.

Furthermore, we need not reach the question of whether it was error to allow Officer Seavey to testify by telephone because, as set forth above, this Rule 75 proceeding was in the nature of certiorari and the trial court's review was limited to reviewing whether the evidence submitted at the disciplinary hearing supported the decision. Herring, 173 Vt. at 248 ("Because V.R.C.P. 75 proceedings are in the nature of certiorari the parties cannot expand the findings on review."). Because Officer Seavey did not testify at the disciplinary hearing, the court could not expand the record in the superior court to include her testimony. As explained above, the evidence submitted at the disciplinary hearing—including the testimony of Officer Dunn and the video of the incident—was sufficient to satisfy the "some evidence" standard and provides grounds to affirm the disciplinary violation.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3